ROBERT S. TRUMBULL V. SCOTT FREY.

FILED MAY 5, 1904. No. 13,267.

Verdict: EVIDENCE. Evidence examined, and found sufficient to sustain
the verdict of the jury.

ERROR to the district court for Kearney county: ED L.
ADAMS, JUDGE. *Affirmed.*

*Lewis C. Paulson,* for plaintiff in error.

*J. L. McPheeley, contra.*

HOLCOMB, C. J.

The defendant in error had been in the employment of
the plaintiff in error as a farm hand and, upon his dis-
charge from such employment, brought an action and re-
covered judgment on the ground that his contract of em-
ployment had been violated, in that he had been discharged
before the expiration of the term for which employed and
without any just cause therefor. Counsel for plaintiff in
error says that the contract of hire is based on a written
contract, and that the defendant was, under the evidence,
justified in discharging the plaintiff when he did because
there had been a failure of crops which, under the con-
tract, was a ground for its termination; that the contract
of employment was for an indefinite period, and also the
discharge was justified because the plaintiff was not a
competent farm hand. "We think," says counsel for plain-
tiff in error, "the only proposition involved in this case
is whether or not the circumstances and the evidence in
the case justified the discharge of the defendant in error."
The controversy thus resolves itself into a question of
whether the evidence is sufficient to sustain the verdict.
The contract of employment is evidenced by a written cor-
respondence between the parties. The plaintiff was at the
time living in Illinois. He was a man of a family and
was induced, by reason of the contract, to move to Kearney

county, on a farm belonging to the defendant, to do the ordinary work of a farm hand. In the first letter of the defendant to the plaintiff, of date November 17, 1900, after stating the details regarding the proposed employment, and that work was to commence April the first next, it is said: "If you think you want to try it one year, I will give you first chance, as I have no one hired yet." In a second letter of later date, in answer to one from the plaintiff, defendant says: "I will pay a good man $25 per month and, unless there is a failure of crops, I will want him steady all the time." While not altogether clear, we think a fair construction of the letters referred to, in view of the situation of the parties, means that the employment was to continue for one year, and the plaintiff's services would be wanted steadily for a longer time, unless there was a failure of crops. But, if it be held that the true interpretation is that the condition applied to the first year of the employment, it can hardly be said that the evidence is so overpowering on the point of the failure of crops in that year as to allow the defendant, at his pleasure, to terminate the contract. The evidence does not disclose a total but only a partial failure of crops. The trial court took the view, and so instructed the jury, that it was for them to determine, as a question of fact, whether there was, under the evidence, such a failure of crops as was within the contemplation of the parties to the contract.

There is yet another consideration which we think must dispose of the defendant's contention in this regard. The answer does not plead the happening of the condition relative to crop failure, whatever view may be taken as to the proper construction of the contract in this respect. All that is alleged is: "Defendant met to a great extent with failure of crops during said year." This does not amount to an allegation that there was such a failure as gave him a right to terminate the contract, nor does he allege that it was terminated on that account. On the contrary, it appears that the employment of the plaintiff was continued till after all of the fall work on the farm was done,

and long after the crop production became known, when he was then discharged for other alleged reasons. On the question of his incompetency and failure to do satisfactory farm work, the evidence is conflicting, and we are satisfied it is sufficient to support the finding of the jury on that issue. Upon a consideration of the whole record, we are constrained to say that the evidence supports the verdict, and that the judgment rendered does substantial justice between the parties and should be affirmed, which is accordingly done.

AFFIRMED.